359 P.2d 764

A. B. RAY and John H. McGown, Appellants,

v.

Harvey G. BUSH and Geraldine C. Bush, his wife, Appellees.

No. 6629.

Supreme Court of Arizona.

Feb. 23, 1961.

Gibbons, Kinney & Tipton, Phoenix, for appellants.

Hughes & Hughes, Phoenix, for appellees.

JACK D. H. HAYS, Superior Court Judge.

This is an appeal from an order of the Superior Court of Maricopa County granting the plaintiffs' motion for judgment in accordance with the verdict and denying defendants' motions for a directed verdict, judgment, n. o. v., and a new trial.

The facts which gave rise to this action are as follows: On June 23, 1955, the defendant A. B. Ray, an employee of the defendant John H. McGown, reported to the plaintiffs' house for the purpose of installing a water softener. In order to install the apparatus it was necessary for Ray to enter the attic of the plaintiffs' home to make some preparatory alterations to the plumbing system.

The only means of entrance to or egress from the attic was a two and one-half foot square scuttle hole located in a closet. The attic not having any lighting fixtures installed, it was necessary in the course of the plumbing alterations to furnish some means of illumination. To accomplish this, Ray borrowed a wall pin-up lamp and extension cord from the plaintiffs. The lamp was placed on the floor of the attic and the extension cord was connected and led out through the scuttle hole to a wall plug in the bedroom outside of the closet about twelve feet away. The cord connected to the lamp was about four feet in length and the extension cord added another twelve feet. The floor of the attic consisted of ceiling joists (wooden beams) set about sixteen inches apart, the interstices being filled with insulation consisting of glass wall batts wrapped in paper.

The pin-up lamp was set in place in the attic about 9:30 a. m. Subsequently, Ray made numerous entrances to and exits from the attic through the scuttle hole in the course of his work. At about 2:50 p. m., while Ray was working in the service room, the plaintiff smelled smoke, and looking through the scuttle hole saw a bright light in the attic. Ray then partially projected himself through the scuttle hole and discovered the fire. Ray had been absent from the attic for about an hour prior to the discovery of the fire, and the pin-up lamp had been left burning. By the time the fire department arrived and the fire was put out, the plaintiffs' house had been damaged to the extent of $3,622. Immediately after the fire, Ray made the statement that he thought he was to blame; that he did not know what happened or why.

After the fire was extinguished, the attic was examined by Assistant Chief McIndoo and Captain Gardner of the Phoenix Fire Department. During the trial, McIndoo testified the location of the fire could be definitely determined by the charred area. Gardner testified the pin-up lamp was found in the center of the greatest charred area, and that this was where the fire had originated. He further testified he found no other thing in the attic, other than the lamp, which could have caused the fire.

The case was put to the jury, who returned a verdict for the plaintiffs against defendants Ray and McGown in the sum of $3,767, and this appeal was taken.

The defendants have made four assignments of error, all of which go to the sufficiency of the evidence to support the verdict. The gravamen of their complaint is that there was insufficient evidence for the case to go to the jury either on the issue of the defendants' negligence or proximate cause. With this we cannot agree.

As to the defendants' negligence, there was evidence that the lamp used by Ray was an ordinary wall pin-up lamp of unstable characteristics when not put to its intended use. The evidence clearly showed that the attic floor on which the lamp was resting was composed entirely of flammable substances-wooden ceiling joists and paper. It seems to us that the jury might properly find the use of such a lamp with an unguarded bulb in close proximity with flammable substances, where the bulb, if the lamp were upset, would be brought into contact with the flammable substances, constituted negligence on the part of Ray.

The defendants raise a more serious objection to the sufficiency of the evidence to support a finding of proximate cause. They assert that on the basis of the evidence before them, the jury could only speculate as to the cause of the fire, and they arrived at their finding only by basing inference upon inference.

We do not understand defendants to contend, nor is it an inflexible rule that an ultimate fact may never be supported by successive inferences. See 1 Wigmore Evidence No. 41 (3 Ed. 1940). Rather, they rely on the rule laid down by the Court in New York Life Ins. Co. v. McNeely, 52 Ariz. 181, 196, 79 P.2d 948, 955, "that the prior inferences must be established to the exclusion of any other reasonable theory rather than merely by a probability, in order that the last inference of the *probability* of the ultimate fact may be based thereon." As the court pointed out, this rule is not an application of logic, but an arbitrary requirement that a certain quantum of proof be produced when courts are asked to take away life, liberty, or property.

In the instant case, in order to find for the plaintiffs, the jury would have to find that the fire was caused by the lamp toppling over and the bulb coming into contact with flammable substances. There is direct evidence in the record that the bulb was unguarded and that the floor of the attic was composed entirely of flammable substances. Therefore, if the lamp was toppled, the bulb necessarily came in contact with flammable material. The inference that the lamp was toppled must thus be established to the exclusion of any other reasonable theory in order that the inference of the ultimate fact of the lamp causing the fire may be drawn. New York Ins. Co. v. Mc-

**180**

Neely, supra; Buzard v. Griffin, 89 Ariz. 42, 358 P.2d 155.

The sum and substance of the testimony of McIndoo and Gardner was that the fire started at the lamp and that there was nothing else in the attic which could have caused the fire. Thus, the inference that the fire started at the lamp is more than a mere probability. Uncontroverted expert testimony has excluded any other possible cause of the fire. The inference that the fire started at the lamp, coupled with the direct evidence of the unstable characteristics of the lamp and the heavy cord hanging therefrom, clearly support the inference that the lamp was toppled.

The evidence being sufficient on the issues of negligence and proximate cause, the trial court did not err in denying defendants' motions for a directed verdict, judgment n. o. v., and a new trial.

The judgment is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL, and JENNINGS, JJ., concur.

NOTE: Justice LORNA E. LOCK-WOOD, having disqualified herself, the Honorable JACK D. H. HAYS, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in her stead and participate in the determination of this appeal.